UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARY NEYHARD** | ) | |
| Plaintiff | ) | Case Number |
| | ) | |
| vs. | ) | CIVIL COMPLAINT |
| | ) | |
| **MANN BRACKEN, LLP** | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Mary Neyhard, by and through her undersigned counsel, Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Mary Neyhard, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant maintains a principal office in this District.

### III. PARTIES

4. Plaintiff, Mary Neyhard, is an adult natural person residing at PO Box 774 Fairfax, VA 22038.

5. Defendant, Mann Bracken, LLP ("Defendant"), at all times relevant hereto, is and was a limited liability partnership engaged in the business of collecting debt within the State of Virginia and the Commonwealth of Pennsylvania with a principal place of business located at 4660 Trindle Road, Suite 300, Camp Hill PA 17011.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Beginning in September, 2009, Defendant began calling Plaintiff's personal cell phone. When the Plaintiff answers, the Defendant does not respond.

8. The Plaintiff called the Defendant back and Defendant's male agent told her he would have her phone number removed.

9. Plaintiff was still continuously getting phone calls from Defendant. She contacted the Defendant again and was told she would be removed.

10. Defendant's phone calls still had yet to stop. The Plaintiff contacted the Defendant a third time and spoke with a female agent who asked Plaintiff for her phone number. She then asked the Plaintiff, "Are you Mary Fowler"? The Plaintiff replied, "no" and Defendant's female agent promised her it would be removed.

11. To date, Defendant is still calling Plaintiff's cell phone. The phone calls start at 8:00am and do not end until 10:00pm.

12. The Defendant acted in an unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

13. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and

anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I – FDCPA

17. The above paragraphs are hereby incorporated herein by reference.

18. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00am or after 9:00pm. Plaintiff receives calls after 9:00pm. |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly. Defendant constantly calls Plaintiff's cell phone. |
| §§ 1692d(6) | Placed telephone calls without disclosing his/her identity. Defendant never clarified to Plaintiff who they were and where they were from. |

§§ 1692e            Any other false, deceptive, or misleading representation or means in connection with the debt collection.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Mann Bracken, LLP, for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

                                                  Respectfully submitted,

                                                  WARREN & VULLINGS, LLP

**Date: October 13, 2009**        BY:        _/s/ Brent F. Vullings_
                                                      Brent F. Vullings, Esquire
                                                      Warren & Vullings, LLP
                                                      1603 Rhawn Street
                                                      Philadelphia, PA 19111
                                                      215-745-9800   Fax 215-745-7880
                                                      Attorney for Plaintiff